IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SKY TOWER PUERTO RICO, INC.,** | |
| Plaintiff, | |
| v. | Civil No. 25-1008 (MAJ) (MBA) |
| **DEPARTAMENTO DE DESARROLLO ECONOMICO Y COMERCIO, et al.** | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Sky Tower Puerto Rico, Inc. ("Sky Tower") brought this civil action against the Department of Economic Development and Commerce of Puerto Rico ("the Department"), the Oficina de Gerencia de Permisos ("OGPe"), the Commonwealth of Puerto Rico, ("the Commonwealth"), and the Municipality of Moca ("Moca") [1] alleging, among others, violations of the Federal Telecommunications Act of 1996 ("FTA"). (ECF No. 1). Sky Tower sought declaratory and injunctive relief in the form of granting its permit application as well as damages. (*Id.*). Before the Commonwealth filed a response, Sky Tower filed an informative motion advising that the permit application was granted and reiterating its request for damages. (ECF No. 10). In response, the Commonwealth asserted sovereign immunity and moved to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). The Department and OGPe followed suit. (ECF No. 13). Sky Tower opposed, (ECF No. 21), and the Commonwealth replied (ECF No. 24). U.S. District Judge María Antongiorgi-Jordán referred both motions to dismiss to me for a report and recommendation. (ECF No. 29, 30).

For the reasons set forth below, I recommend the motions to dismiss be **GRANTED**.

---

[1] Moca is currently in default. (ECF No. 28).

## BACKGROUND[2]

In 2021, Sky Tower applied for a permit to place a rooftop platform in Moca to provide wireless service. (ECF No. 1 at 8). When residents expressed concerns, Moca did not endorse the project. (*Id.* at 10). After some back and forth with OGPe, Sky Tower filed another application for a construction permit in 2023. (*Id.* at 13). With no action taken, in 2024, Sky Tower sued, among others, the Department, OGPe, and the Commonwealth. (*Sky Tower Puerto Rico Inc. v. Departamento De Desarrollo Economico y Comercio et al.*, 3:24-cv-01173-SCC). Sky Tower sought declaratory and injunctive relief, as well as damages, for the same facts and claims raised in the case at bar. Faced with multiple motions to dismiss and an order to show cause why they should not be deemed unopposed, Sky Tower moved to dismiss the case without prejudice. (*Id.* at ECF No. 35). Judgment was entered accordingly. (*Id.* at ECF No. 37).

Sky Tower then filed the present case. As of the filing of the complaint in January 2025, Sky Tower's permit application remained pending. (ECF No. 1). The following month, on February 26, 2025, the Commonwealth, through the Department and OGPe, "finally issued the construction permit as requested [i]n the complaint. Thus, the construction permit issue is not at stake anymore." (ECF No. 10 at 2) (emphasis removed).

With the permit issue resolved, the Commonwealth, the Department, and OGPe ("the Defendants") moved to dismiss the complaint asserting that they are immune from suit for damages and that Sky Tower has failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11, 13). The Court agrees.

## STANDARD OF REVIEW

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In evaluating a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration marks omitted). The remaining

---

[2] For purposes of the Defendants' motions to dismiss, the facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

"[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* Taken together, they must "state a plausible, not a merely conceivable, case for relief." *Id.* At the same time, courts must not "forecast a plaintiff's likelihood of success on the merits." *Id.*

Additionally, a motion to dismiss under Rule 12(b)(6) premised on an affirmative defense may be appropriate if "the facts that establish the defense ... [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." *Id.*

## ANALYSIS

### A. Sovereign Immunity and the Federal Telecommunications Act

The parties are in agreement that the issue of the permit application is now moot. What remains is the availability of damages for the delay in granting the permit. However, the Eleventh Amendment to the U.S Constitution provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Am. XI. The Commonwealth is a State for Eleventh Amendment purposes. *P.R. Ports Auth. v. M/V Manhattan Prince*, 897 F.2d 1, 9 (1st Cir. 1990). In turn, the Department and OGPe are immune to the extent they are arms of the Commonwealth. *See Fersenius Med. Care v. P.R. & the Caribbean Cardiovascular Center Corp.*, 322 F. 3d 56, 61 (1st Cir. 2003) (applying the arm-of-the-state test). "An administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 477 (1st Cir. 2009) (citations omitted).

The Department and OGPe are arms of the Commonwealth and are thus also immune from suit. The Supreme Court and the First Circuit "have consistently considered the source of relief as being of paramount importance to Eleventh Amendment considerations." *Vaqueria Tres Monjitas, Inc.*, 587 F.3d at 479 (citing *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994)). According to Sky Tower, the Department "is a Commonwealth of Puerto Rico Administrative Agency" and OGPe

is its "subdivision." (ECF No. 1 at 2). "These agencies were not delegated with the powers to sue or be sued." (*Id.*). That is why Sky Tower also brought suit against the Commonwealth on their behalf. (*Id.*). With their "source of relief" identified as the Commonwealth, it is clear that the Department and its subdivision are arms of the Commonwealth. *See, e.g., Casanova-Guzmán v. DOJ of the Commonwealth of P.R.*, No. CV 18-1197 (JAG), 2020 U.S. Dist. LEXIS 269031, 2020 WL 13645739 (D.P.R. June 1, 2020) (concluding that the Eleventh Amendment barred Plaintiff's suit for monetary damages against the Commonwealth's Department of Justice); *Johnson v. Departamento de Correccion y Rehabilitacion,* No. CV 16-1400 (DRD), 2017 U.S. Dist. LEXIS 92440, 2017 WL 2589273, at *7 (D.P.R. June 14, 2017) (holding that since "the Department of Corrections and Rehabilitation is an arm of the state, it cannot be sued in federal court, and hence, it is immune from suits under the Eleventh Amendment").

In its opposition, Sky Tower does not contest the applicability, in general, of Eleventh Amendment immunity to the Defendants. Instead, Sky Tower argues that the FTA abrogated that immunity. (ECF No. 21 at 4-7). Sky Tower goes further to state that "Congress explicitly provided parties to interconnection agreements an avenue for judicial review in the federal courts." (ECF No. 21 at 5). But while that much is true, it does not go as far as Sky Tower would like. Section 332(c)(7)(B)(v) codifies the right of "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v). There is no mention of damages or attorney's fees. For that reason, "the majority of district courts which have heard such cases have held that the appropriate remedy for a violation of the TCA is a mandatory injunction." *Omnipoint Communs. MB Operations, LLC v. Town of Lincoln*, 107 F. Supp. 2d 108, 120-21 (D. Mass. 2000) (collecting cases). Simply put, had Congress intended for such relief, it would have provided for it. Indeed, "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *City of Rancho Palo Verdes v. Abrams,* 544 U.S. 113, 121 (2005) (quoting *Alexander v. Sandoval,* 532 U.S. 275, 290 (2001)). Congress's silence here cannot be read, as Sky Tower suggests, to provide broader remedies. *See New Hampshire v. Ramsey, 366 F.3d 1, 22* (1st Cir. 2004) ("Given Congress's silence in the STA Act itself and the disagreement about damages under the R-S grievance procedures,

4

we cannot, as a matter of statutory construction of the STA Act, find an intent to subject states to damages awards under the STA Act.") (citing *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787 (2000) ("If Congress intends to alter the usual constitutional balance between States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute.")) (cleaned up).

Nor could Congress abrogate the Commonwealth's immunity when it enacted the FTA. "Unquestionably, Congress could not have abrogated state sovereign immunity with the 1996 Telecommunications Act. The Act is an exercise of Congress' Commerce Power under Article I of the Constitution, *see* 47 U.S.C. § 151 (Supp. II 1996), and as the Supreme Court has made inescapably clear, Congress may not abrogate Eleventh Amendment immunity through the exercise of its Article I powers." *MCI Telcoms. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 338 (7th Cir. 2000). Sky Tower's sole case support to the contrary, *Abrams v. City of Rancho Palos Verdes*, 354 F.3d 1094 (9th Cir. 1004), was reversed by the Supreme Court on the precise point that Sky Tower relies on. In *City of Rancho Palo Verdes*, the Supreme Court held "that the TCA—by providing a judicial remedy different from § 1983 in § 332(c)(7) itself—precluded resort to § 1983." 544 U.S. at 127. Therefore, the Defendants here are entitled to Eleventh Amendment immunity from Sky Tower's FTA claims and the undersigned recommends that the Defendants' motions to dismiss Counts One through Three premised on violations of the FTA be granted.

### B. The Local claims

Sky Tower's remaining claims are contradictory. For Count Four, Sky Tower alludes to its right to a speedy resolution under Puerto Rico's Uniform Administrative Procedure Act. (ECF No. 1 at 19). And at Count Five, Sky Tower itemizes its damages, without citing to any provision of law, let alone one that entitles it to monetary relief. (*Id.* at 21). Sky Tower then proceeds to add Count Six, "Preemption," where it concludes that "controversies regarding long distance communications[] are preempted." (*Id.* at 23). But if Sky Tower is correct, then its state law claims are preempted by the TCA, which again, does not provide for monetary damages. Still, as the Commonwealth points out: "Plaintiff does not identify which specific state law or regulation was allegedly preempted by the TCA. Plaintiff is emphatic in alleging that the Commonwealth's inaction violated the TCA, not that a state

5

law was in conflict with the TCA or that state law was somehow informing Defendants' alleged recusal in issuing the permit." (ECF No. 11 at 10).

Sky Tower's local claims face additional hurdles. First, as the Defendants point out, Sky Tower has not exhausted administrative remedies. (ECF No. 13 at 7-8, 10). Sky Tower does not dispute this and relies on futility and discrimination as exceptions to the rule. (ECF No. 21 at 7-8). Although Sky Tower purports to develop these arguments "below" (ECF No. 21 at 8), it fails to do so, effectively waiving them. *Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 19 (1st Cir. 2017) ("It is well-settled that arguments not raised in an opening brief . . . are deemed waived.") (citing *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 788 F.3d 25, 29 (1st Cir. 2015)). Sky Tower's conclusion that with the permit issued the administrative procedure is now moot (ECF No. 21 at 8), is a non-sequitur. The controversy can only be moot if all Sky Tower sought was the permit. By making this assertion, Sky Tower either waives its claim to damages or, at best, fails to explain why no exhaustion was required for its damages claim. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). This is key here. Sky Tower only cites to Puerto Rico's Uniform Administrative Procedure Act and fails to plead a cognizable claim under Puerto Rico law that entitles it to damages. Sky Tower does not pass the basic requirement of a compliant: "provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández*, 640 F.3d at 12. Therefore, the undersigned recommends that the local claims also be dismissed.

## CONCLUSION

For the foregoing reasons, I recommend the Defendants' motions to dismiss be **GRANTED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun.*

*Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico this June 18, 2025.

<u>s/ Mariana E. Bauzá-Almonte</u>
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge

7